UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IRVIN KAHN & SON, INC., ) <br> IK INDY, INC. doing business as IRVIN ) <br> KAHN & SON, INC., ) <br> ) <br>                 Plaintiffs, ) <br> ) <br>        vs. ) <br> ) <br> MANNINGTON MILLS, INC., ) <br> DEALERS SUPPLY NORTH, INC., ) <br> ) <br>                 Defendants. ) | No. 1:11-cv-01135-SEB-MJD |

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

This matter is before the Court on Plaintiff Irvin Kahn & Son, Inc.'s ("Kahn") Motion to Amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). [Dkt. 68.] The Court, being duly advised, **GRANTS** Kahn's Motion to Amend its Complaint.

## I. Background

Kahn is a wholesale distributor of floor coverings. Mannington Mills, Inc. ("Mannington") is a manufacturer of residential and commercial flooring products. Kahn has been a distributor of Mannington flooring for nearly thirty years in portions of Illinois, Indiana, and Kentucky. Kahn and Mannington have entered into several distributor agreements, the latest one being in September of 1999 (the "Agreement").

A provision in the Agreement allowed for unilateral termination of the distributor agreement for any reason with only thirty days notice. Allegedly, Mannington first informed Kahn that they would be terminating the Agreement during a telephone conference on July 28, 2011. A hand delivered letter attesting to the same was delivered on August 1, 2011, advising

Kahn that the Agreement was to terminate on September 6, 2011. Kahn would, at that time, no longer be authorized to sell the Mannington product line except as otherwise authorized by Mannington.

Kahn filed suit on August 18, 2011 alleging, among other things, wrongful termination by Mannington and unfair competition between Kahn and Dealers Supply North, Inc. ("DSN"), Mannington's wholly-owned subsidiary. Mannington filed a Motion for Judgment on the Pleadings on Count I of Kahn's Complaint, asserting that Kahn's claim was not challenging the actual termination of the Agreement absent good cause; rather it was challenging the provision found within the Agreement that allowed for unilateral termination of the Agreement absent good cause. Mannington argued that the Indiana Deceptive Franchise Practices Act ("Act"), Ind. Code § 23-2-2.7-1, *et seq.*, has a two year statute of limitations for such a violation of the Act and that Kahn's claim began to run from the date the parties entered into the Agreement. Ind. Code § 23-2-2.7-7. Because more than two years have passed since the parties entered into the Agreement, Mannington argued that Kahn's claim is time barred. The Court agreed with Mannington and granted the Motion on June 14, 2012. [Dkt. 66.] Kahn now seeks leave to amend its Complaint in an attempt to cure pleading deficiencies in Count I, to update allegations found in Count II, and to modify the caption because of corporate restructuring.

## II. Legal Standard

A plaintiff may amend his complaint once as a matter of course, so long as the amendment is made within twenty-one days after service of the answer or any motion under Federal Rule of Civil Procedure 12. Fed. R. Civ. P. 15(a)(1)(B). In all other instances, Rule 15(a)(2) requires the plaintiff to either receive the opposing party's written consent or the Court's leave in order to amend the complaint. Rule 15 also states that the Court should "freely give

leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendants did not give written consent, thus Kahn seeks leave to amend.

When a party seeks to amend a pleading after the expiration of the amendment deadline established in the court's Case Management Plan, the moving party must establish "good cause" under Federal Rule of Civil Procedure 16(b)(4). *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). "Good cause" under Rule 16(b) considers the diligence of the party seeking amendment and also considers prejudice to the opposing party. *Cmty. Bank v. Progressive Cas. Ins. Co.*, No. 1:08-cv-01443-WTL-JMS, 2010 WL 396351, *1 (S.D. Ind. Jan. 25, 2010).

District courts have discretion to deny leave to amend a complaint when the amendment would be futile. *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (quoting *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)); *see also Feldman v. Am. Mann. Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999). Amending a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief may be granted under Rule 12(b)(6). *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). However, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

### III. Discussion

For the purposes of this motion only, Mannington stipulates that they and Kahn entered into a franchise relationship for the purposes of the Act. [Dkt. 72 n.2.] Kahn seeks leave to amend Counts I and II of its Complaint. The amendments to Count I seek to clarify Kahn's position that the Act proscribes the act of terminating a franchise relationship absent good cause.

The amendments to Count II seek to add factual material allegedly obtained through discovery. Mannington argues the amendments to Count I are futile because, as determined by the Court's prior order, Kahn's only claim under the Act – a challenge to an unlawful provision allowing for unilateral termination of the franchise agreement absent good cause – is time barred. Mannington further argues that Kahn does not have good cause for the amendments to Count II and also argues they are futile. Kahn, however, argues that it is not challenging the agreement itself, but rather that the termination was unlawful under the Act based upon their status as a franchisee. The Court will deal with each Count in turn.

**A. Amendments to Count I**

The first count in Kahn's original Complaint was determined by the Court to challenge paragraph 6.1 of the Agreement, which allowed for unilateral termination of the Agreement without good cause. The Court also determined this claim was now time barred. [Dkt. 66.] Kahn argues that the amendments to Count I are meant to correct an error in pleading. Kahn's amendments remove all references to the Agreement and to specific parts of the Act, in particular, Ind. Code § 23-2-2.7-1(7). Kahn continues to argue that it is not challenging a provision of the Agreement between Kahn and Mannington allowing for termination of the Agreement absent good cause, but rather it is challenging the actual termination of the Agreement, arguing there was no good cause for termination as purportedly required by the Act. Mannington argues there is no statutory violation for the act of terminating a franchise agreement absent good cause if a franchise agreement, such as the Agreement here, contains a provision that allows for terminating the agreement without good cause, and that the Court has already determined that Kahn cannot challenge that provision, because the statute of limitations to challenge the provision located in the Agreement has run.

4

Mannington argues that Kahn cannot use Ind. Code § 23-2-2.7-1(7) to challenge the actual termination of the agreement, because only such a provision is unlawful, not the actual act of termination. Mannington points out that Indiana Code § 23-2-2.7-2 lists unlawful acts and practices, and termination of a franchise agreement without good cause is not found therein. However, Kahn points to a line of cases for the proposition that the Act can be used not only to challenge a provision of a franchise agreement that allows for unilateral termination of the franchise agreement absent good cause, but to challenge the actual termination of such an agreement absent good cause. *See Cont'l Basketball Ass'n, Inc. v. Ellenstein Enter.*, 669 N.E.2d 134, 139 (Ind. 1996); *Ray Skillman Oldsmobile & GMC Truck, Inc. v. Gen. Motors Corp.*, No. 1:05-cv-0204-DFH-WTL, 2006 WL 694561, *2 (S.D. Ind. March 14, 2006); *Hubbard Auto Ctr., Inc. v. General Motors Corp.*, 422 F.Supp. 2d 999, 1002 (N.D. Ind. 2006).

In *Continental Basketball*, the Indiana Supreme Court stated that "the Practices Act expressly provides for a cause of action against the franchisor in cases where a franchise agreement contains a provision prohibited by the Practices Act, **and/or** where the franchise agreement is terminated without good cause or not renewed without good cause." *Cont'l Basketball Ass'n, Inc.,* 669 N.E.2d at 139 (emphasis added); *see also Ray Skillman*, 2006 WL 694561 at *2; *Hubbard Auto Center*, 422 F. Supp. 2d. at 1002. In *Continental Basketball*, the Indiana Supreme Court suggests that a franchisee may maintain a separate cause of action for the act of termination without good cause, which means that the cause of action would not accrue – and thus the statute of limitations would not begin to run – until the termination of the agreement, not upon its execution. Thus, Kahn's amended Complaint asserts facts, plausible on their face, upon which relief may be granted. The Court holds that Kahn's proposed amended Complaint overcomes the futility standard and hereby allows the amendments to Count I.

**B. Amendments to Count II**

The proposed second count of Kahn's Complaint alleges the same purported violation of the Act as the original count did, specifically, unfair competition under Ind. Code § 23-2-2.7-2(4). The amendments to Count II seek to add factual material with regard to the claim of unfair competition. Kahn argues the amendments simply bring the Complaint into conformity with current knowledge obtained through discovery. Mannington argues these amendments are a way to add a legal claim to Count II that was not there to begin with, and so the good cause requirement has not been met due to prejudice to Mannington. In particular, Mannington views some of the amendments to Count II as "shoehorning" the wrongful termination claim from Count I into Count II under the assumption that the Count I wrongful termination claim was found to not be cognizable. Moreover, Mannington argues, the amendments are futile because the information can be used at trial and does not need to be included in the Complaint.

As discussed above, bringing a claim for wrongful termination of the franchise agreement under the Act appears to be a cognizable one, and so Mannington's "shoehorning" arguments as to the amendments to Count II are moot. As to the remainder of the amendments to Count II, Mannington argues they are unnecessary and not relevant to the claim. The Court fails to see how this is so. The amendments assert factual information related to the alleged unfair competition between Kahn and Mannington's wholly-owned subsidiary, DNS. In order to show good cause, Kahn need only show that the amendments are not prejudicial as to Mannington and that they were diligent in amending the complaint. *Cmty. Bank*, 2010 WL 396351, at *1. There is sufficient evidence that Kahn was diligent in bringing the amendments to Count II following its discovery of the information, and Mannington fails to demonstrate it will be prejudiced by the additional information found within the amendments. Thus, the amendments to Count II are

allowed.

### C. Amendment to the Caption

Kahn also seeks to amend the caption of the complaint and other filings based upon corporate restructuring of Irvin Kahn & Son, Inc. Specifically, Kahn seeks to remove IK Indy, Inc. as a party, as it has been merged into Irvin Kahn & Son, Inc. and no longer exists as a separate entity. Mannington does not challenge this amendment, and the Court finds it is proper in order to comply with Rule 17(a).

## VI. Conclusion

For the above mentioned reasons, Kahn's Motion for Leave to Amend Complaint is hereby **GRANTED**. The Clerk is directed to file the Amended Complaint, [Dkt. 68-1], as of the date of this Order.

Any objections to the Magistrate Judge's Order shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a), and failure to file timely objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Date: 08/17/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email